**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH A. LOWE,

Plaintiff,

v. Case No.:

SENTARA HEALTH ADMINISTRATION INC., d/b/a Sentara Health,

Defendant.
_____________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Elizabeth A. Lowe, herein files this complaint and sues Defendant, Sentara Health Administration Inc. d/b/a Sentara Health ("Sentara" or "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act, and alleges as follows:

## PARTIES

1. Plaintiff Elizabeth A. Lowe is an adult resident of Tampa, Florida.

2. Defendant Sentara Health Administration Inc. is a foreign, for-profit corporation doing business as Sentara Health, with its principal place of business at 1300 Sentara Park, Virginia Beach, Virginia 23464. They can be served care of their registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, FL 33324.

3. At all times material, Defendant employed Plaintiff in Florida and exercised control over the terms, conditions, compensation, work assignments, and termination of Plaintiff's employment.

4. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Upon information and belief, Defendant employed more than 1,000 employees during the relevant period.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's Title VII claim because it arises under federal law. 28 USCS § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's Florida Civil Rights Act claim because that claim arises from the same employment relationship, termination decision, and discriminatory conduct as Plaintiff's federal claim. 28 USCS § 1367.

7. This Court has personal jurisdiction over Defendant because Defendant engaged in substantial and continuing business activity in Florida, employed Plaintiff to work in Florida, and the unlawful employment practices alleged in this Complaint occurred in Florida. Fla. Stat. § 48.193 (2016).

8. Venue is proper in this District because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, Plaintiff

performed her work in this District, and Plaintiff would have continued working here but for Defendant's unlawful termination. 42 USCS § 2000e-5.

9. Venue is also proper under the general federal venue statute because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. 28 USCS § 1391.

## ADMINISTRATIVE EXHAUSTION

10. On March 26, 2026, Plaintiff timely filed Charge No. 511-2026-02568 with the Equal Employment Opportunity Commission, alleging sex and gender discrimination and naming Sentara Health Administration Inc. as a respondent.

11. Plaintiff's EEOC charge alleged that Defendant terminated her employment under the stated reason of a position elimination while treating a similarly situated male employee more favorably.

12. On August 7, 2026, the EEOC issued a Determination and Notice of Rights dismissing the charge and authorizing Plaintiff to bring suit against the respondents named in the charge.

13. Plaintiff has satisfied all administrative conditions precedent to pursuing her claims under the State and Federal Civil Rights Acts.

## FACTUAL ALLEGATIONS

14. Plaintiff began working for AvMed Health Plans on September 19, 2023, as a Field Benefits Consultant; her primary duty was sales.

15. Sentara acquired AvMed during 2023 and retained Plaintiff as part of its workforce; Plaintiff transitioned to Sentara's employment on December 17, 2023.

16. Defendant retitled Plaintiff's position as Sales Executive, and Plaintiff remained in that position until Defendant terminated her employment on October 5, 2025.

17. Plaintiff worked remotely from her home in Tampa, Florida as part of a sales team responsible for selling Defendant's health-insurance products across commercial group, commercial individual, family plan, and Medicare lines of business.

18. Plaintiff was assigned a geographic territory encompassing Central and Northern Florida, and more than 86 percent of her weekly work hours were performed remotely from her home office.

19. Plaintiff was qualified for her position and performed sales-related work, including supporting agencies, agents, and events within her assigned territory.

20. Defendant informed Plaintiff that her employment was being terminated because her position was allegedly being eliminated following the discontinuation of the Medicare Division and its products.

21. Defendant terminated Plaintiff on October 5, 2025.

22. On the same day Defendant terminated Plaintiff, Defendant retained a lesser experienced male representative who worked in the same division and did not terminate his employment.

23. Instead, Defendant assigned the male representative to a hybrid position involving the Individual and Group divisions, despite his lack of prior experience or certification in that role.

24. The male representative thereafter supported many of the agencies, agents, and events that Plaintiff had previously been responsible for organizing and contracting.

25. Defendant has also previously paid the male representative's expenses to attend a company meeting while advising Plaintiff, who had also been invited, that she would have to pay her own expenses.

26. Defendant's stated position-elimination rationale was false or pretextual and was used to conceal sex discrimination in Defendant's termination decision.

27. Defendant used Plaintiff's sex as a motivating factor in deciding to terminate Plaintiff's employment and favor a male employee.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of income, lost wages, lost employment benefits, lost commissions,

emotional pain, humiliation, embarrassment, mental anguish, loss of professional standing, and other compensatory damages.

29. Plaintiff's 2025 Form W-2 reflects $91,829.61 in wages, tips, and other compensation paid by Sentara Health.

30. Plaintiff has suffered, and will continue to suffer, lost earnings and benefits from the date of her termination through the date of trial.

31. On or about October 5, 2026 Plaintiff discovered that Defendant posted her exact same job on various websites and social media, including LinkedIn.

32. She immediately applied for the position, being 100% qualified for the role.

33. Defendant acknowledged receipt of her application on October 7, 2026.

34. However, on October 14, 2026, Defendant informed Plaintiff that she was rejected for the position and that she would not even be interviewed.

35. Reinstatement is not an effective or appropriate make-whole remedy because Defendant terminated Plaintiff under allegedly false pretenses and replaced or reassigned her work to a less experienced male employee.

## COUNT I - SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is female and therefore belongs to a class protected from discrimination based on sex.

38. Plaintiff was qualified to perform the essential functions of her Sales Executive position.

39. Defendant subjected Plaintiff to an adverse employment action by terminating her employment.

40. Defendant treated a similarly situated male employee more favorably by retaining him, assigning him to a hybrid role, and permitting him to assume responsibilities previously performed by Plaintiff.

41. Defendant's stated reason for terminating Plaintiff—an alleged position elimination caused by discontinuation of the Medicare Division—was false, inconsistent with Defendant's retention and reassignment of the male representative, and a pretext for unlawful sex discrimination.

42. Plaintiff's sex was a motivating factor in Defendant's decision to terminate her employment; Defendant used sex as a factor in the decision to terminate her employment.

43. Defendant intentionally discriminated against Plaintiff with respect to the terms, conditions, privileges, and termination of her employment because of her sex.

44. Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

45. Defendant's stated reason is a pretext for unlawful discriminatory employment practices, specifically terminating her position on the basis of elimination.

46. Defendant posted and recruited for the same sales position on or about October 5, 2026.

47. Plaintiff applied for this position and was certainly qualified to work in this position, but Defendant did not even interview plaintiff for the position and quickly rejected her from consideration.

48. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained economic damages, emotional distress, humiliation, embarrassment, mental anguish, and other damages.

49. Defendant continued to discriminate against Plaintiff, excluding her from consideration for a sales position she qualified for.

50. Defendant has thus continued to cause harm and damage to Plaintiff as of October 2026.

## COUNT II - SEX DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, CH 760, F.S. 760.10

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

52. Plaintiff is female and is protected from discrimination based on sex under the Florida Civil Rights Act.

53. Plaintiff was qualified for her Sales Executive position and was performing the duties assigned to her by Defendant.

54. Defendant terminated Plaintiff's employment while retaining and reassigning a male employee from the same division to a position involving work that Plaintiff had performed.

55. Defendant treated the male representative more favorably than Plaintiff, including by paying his expenses for a company meeting while declining to pay Plaintiff's expenses for the same meeting.

56. Defendant's asserted position-elimination reason for terminating Plaintiff was pretextual.

57. Defendant used Plaintiff's sex as a motivating factor in its decision to terminate her employment and deprive her of equal employment opportunities; Defendant used sex as a factor in the decision to terminate her employment.

58. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has sustained economic damages, emotional distress, humiliation, embarrassment, mental anguish, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elizabeth A. Lowe respectfully requests that this Court enter judgment in her favor and against Defendant Sentara Health Administration Inc. and award the following relief:

A. Declare that Defendant discriminated against Plaintiff based on sex in violation of Title VII and the Florida Civil Rights Act;

B. Award Plaintiff back pay, back wages, lost commissions, lost benefits, and all other economic losses from October 5, 2025, through the date of trial;

C. Award prejudgment interest on Plaintiff's past-due economic damages and post-judgment interest as permitted by law;

D. Award Plaintiff front pay in lieu of reinstatement for a period of two years, including the value of lost wages, commissions, bonuses, benefits, and other compensation;

E. Award compensatory damages for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, humiliation, embarrassment, loss of enjoyment of life, and other nonpecuniary losses, up to the maximum amount authorized by law;

F. Award punitive damages based upon Defendant's malicious or recklessly indifferent violation of Plaintiff's protected rights, up to the maximum amount authorized by law;

G. Order Defendant to implement and maintain lawful, non-discriminatory compensation, expense-reimbursement, assignment, and termination practices, including policies designed to prevent sex-based disparities in pay practices and employment decisions;

H. Award Plaintiff reasonable attorney's fees, taxable costs, and litigation expenses as permitted by law;

I. Award such other legal, equitable, declaratory, and injunctive relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Respectfully submitted October 16, 2026 by,

*/s/Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
**Feldman Legal Group**
12610 Race Track Road, Suite 225
Tampa, FL 33626
mfeldman@flandgatrialattorneys.com
mail@feldmanlegal.us
Tel 813 639-9366
Fax: 813 639-9376
*Lead Counsel for Plaintiff*